U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 28 2017
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                              No. 4:17-MJ-269

CLYDE RETIZ (01)
JOE GOMEZ (02)

## CRIMINAL COMPLAINT

Beginning in or before April 2015, and continuing until in or around July 2016, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendants **CLYDE RETIZ** and **JOE GOMEZ**, along with others both known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), namely to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have participated in and am familiar with this investigation through undercover purchases, interviews, surveillance and police reports. This affidavit is submitted in support of an application for a criminal complaint.

2.      On May 3, 2016, a Texas Department of Public Safety (DPS) undercover (UC) agent and a Texas DPS Confidential Informant (CI) met Clyde RETIZ at a predetermined location and purchased one (1) ounce of cocaine for the agreed price of $900. At the pre-determined location in Fort Worth, Texas, Texas DPS agents observed a 2012, Ford SUV, blue in color, TX LP: FWS-XXXX, enter the parking lot. Agents identified the driver as a Hispanic male, later identified as Joe GOMEZ, and front the passenger as RETIZ. RETIZ exited the Ford SUV and entered the rear passenger seat of the Texas DPS UC vehicle. Upon completion of the drug transaction, RETIZ exited the

DPS UC vehicle and entered the 2012 Ford SUV. The purchased substance yielded a presumptive positive test result for the presence of cocaine and weighed approximately one (1) ounce.

3. On June 14, 2016, a Texas Department of Public Safety (DPS) undercover (UC) agent and a Texas DPS Confidential Informant (CI) met RETIZ at a predetermined location and purchased one (1) ounce of cocaine for the agreed price of $900.00. Upon arrival at the predetermined location, Texas DPS UC recognized the 2012 Ford SUV TX, from the previous transaction, parked in the parking lot. GOMEZ was identified as the driver. RETIZ was standing in the parking lot. RETIZ entered the UC vehicle and completed the illegal drug transaction. RETIZ exited the UC vehicle and opened the front passenger door of the 2012 Ford SUV. The purchased substance yielded a presumptive positive test result for the presence of cocaine and weighted approximately one (1) ounce.

4. On July 20, 2016, a Texas Department of Public Safety (DPS) undercover (UC) agent met RETIZ at a predetermined location and purchased one (1) ounce of cocaine for the agreed price of $850.00. Upon arrival at the predetermined location, Texas DPS UC recognized the 2012 Ford SUV TX, from the previous transactions, in the parking lot. Texas DPS UC identified the driver as GOMEZ. RETIZ was standing in the parking lot. RETIZ opened the rear passenger door of the 2012 Ford SUV and retrieved a small plastic bag containing a white substance. RETIZ entered the UC vehicle and completed the illegal drug transaction. RETIZ exited the UC vehicle and entered the business with GOMEZ and another unidentified Hispanic male. The purchased substance yielded a presumptive positive test result for the presence of cocaine and weighted approximately one (1) ounce.

5. On February 2, 2017, Fort Worth Police Department (FWPD) Officers, in a marked patrol unit, conducted a traffic stop of a vehicle driven by GOMEZ. Officers had previous knowledge that GOMEZ had an active state felony arrest warrant. Officers placed GOMEZ into custody. Texas DPS agents assisted with the search of GOMEZ'S person and located two (2) clear plastic bags, containing methamphetamine, in his right pant leg. Texas DPS agents conducted a post Miranda interview and obtained a consent search of GOMEZ'S residence in Fort Worth, Texas. GOMEZ admitted that he was a drug dealer. During the consent search, GOMEZ advised agents of the location of a firearm and additional methamphetamine. During the consent search, officers located a loaded firearm; Glock, model 30, .45 caliber pistol, in the master bedroom nightstand. Agents also located drug paraphernalia indicative of illegal narcotics use and distribution.

6.     Texas DPS agents located observed a locked closet in the master bedroom. GOMEZ provided agents with the combination to the lock on the closet. Upon opening the closet, agents located two (2) boxes of .45 caliber ammunition, notes of narcotics transactions, and a floor safe. GOMEZ provided agents with the combination to the floor safe. Inside the floor safe, agents located a large plastic bag containing, approximately 7.5 ounces of methamphetamine, a small plastic bag, containing approximately 5.67 grams of cocaine, $3,646.00 in US currency and a social security card belonging to GOMEZ. The above narcotics were field tested, which resulted in a positive test for the presence of methamphetamine and cocaine, respectively.

7.     On March 9, 2017, ATF and Texas DPS agents arrested RETIZ at his residence for an outstanding state felony arrest warrant. In a post Miranda interview, RETIZ admitted to distributing illegal narcotics. RETIZ identified GOMEZ as his cousin. RETIZ admitted to obtaining ounce one (1) ounce of methamphetamine from GOMEZ one (1) time per week for one (1) year. RETIZ also accompanied GOMEZ to make deliveries of illegal narcotics to GOMEZ'S customers.

Based on the foregoing, I believe that probable cause exists that Clyde RETIZ and Joe GOMEZ along with others both known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), namely to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Chris Smith
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

SWORN AND SUBSCRIBED before me, this March 28, 2017 at 2:00 a.m./pm in Fort Worth, Texas.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE